IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GARY GORE, | ) | CASE NO.: 1:16 CV 321 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| ROCKWELL AUTOMATION, INC., *et al.*, | ) | |
| | ) | MEMORANDUM OPINION |
| Defendants. | ) | AND ORDER |
| | ) | |

This matter is before the Court on the Defendants' Motion to Dismiss. (ECF #4). Plaintiffs filed a Brief in Opposition to Defendants' Motion to Dismiss, and Defendants' filed a Reply in Support of their motion. (ECF #7, 11). After careful consideration of the briefs and a review of all relevant authority, Defendants' Motion to Dismiss is DENIED.

In evaluating a motion for dismissal under Rule 12(b)(6), the district court must "consider the pleadings and affidavits in a light most favorable to the [non-moving party]." *Jones v. City of Carlisle, Ky.*, 3 F.3d. 945, 947 (6th Cir. 1993) (quoting *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980)). However, though construing the complaint in favor of the non-moving party, a trial court will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See City of Heath, Ohio v. Ashland Oil, Inc.*, 834 F.Supp. 971, 975 (S.D. Ohio 1993). "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will

not do." *Bell Atl' Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly* at 555. In deciding a Rule 12(b)(6) motion, this Court must determine not whether the complaining party will prevail in the matter but whether it is entitled to offer evidence to support the claims made in its complaint. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Plaintiff brought this action alleging that he was constructively discharged because of his age in violation of Ohio Revised Code §§ 4112.02(A), 4112.00, and that he is entitled to damages for intentional infliction of emotional distress. The Complaint alleges that Mr. Gore was employed as a Senior Supplier Quality Engineer, had been top performer for twenty six years, and that his age puts him a protected class. It also alleges that Mr. Gore's manager treated him differently than similarly situated younger employees, including stripping him of certain benefits and responsibilities that were provided to or re-assigned to younger workers. He also alleges that he was threatened with unwarranted discipline for fabricated reasons, and that the only other age protected person with a similar job description was threatened with a loss of pension and forced to resign after he had been similarly disciplined. The Complaint raises the allegation that Mr. Gore felt that if he did not resign he would be subject to the same unwarranted discipline and would risk losing his pension solely because of his age.

Defendants contend that Mr. Gore has not alleged sufficient supporting facts in his Complaint to justify his causes of action. The allegations presented, however, are sufficient to state a claim for age discrimination under the applicable pleading requirements. Defendants' arguments to the contrary are premature at this stage of the proceedings. "A plaintiff's obligation

to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl' Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). However, Mr. Gore is under no obligation to state every fact that may support his claim in his Complaint. He is also may not be in possession of all of the information needed to prove his claim and is, therefore, entitled to the discovery of information in Defendants possession that are relevant to those claims.

Whether the differential treatment alleged rises to the level of an adverse employment action, or whether the younger employees Mr. Gore compares himself to are comparable "in all relevant aspects" are matters that have not been fully developed through discovery and cannot be determined at this stage of the litigation. These arguments, therefore, would be better addressed at summary judgment or another later stage of the proceedings. Defendants are clearly on notice of what Mr. Gore's claims are and the general factual basis he believes supports his claim. Fed. R. Civ. P. 8(a)(2). Further, the Court cannot determine based on the facts alleged that he is not entitled to any relief.

## CONCLUSION

For the reasons set forth above, the Defendants' Motion to Dismiss, (ECF #4), is hereby DENIED. IT IS SO ORDERED.

*/s/ Donald C. Nugent*
Judge Donald C. Nugent
United States District Judge

Date: April 22, 2016